IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY MICHELLE CHRISMAN,

      Plaintiff,

v.                                        1:22-cv-00549-MLG-LF

UNITED STATES POSTAL SERVICE,

      Defendant.

### ORDER REQUIRING SERVICE OF PLAINTIFF'S
### MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

THIS MATTER comes before the Court on plaintiff's First Motion for Contempt, filed on

August 3, 2023. Doc. 36. Having reviewed the motion, the Court construes it as a motion to

compel compliance with a subpoena. Though the Court is authorized by FED. R. CIV. P. 45(g) to

hold a non-party in contempt for failing to comply with a subpoena signed and served by an

attorney, it is highly unusual to hold a non-party in contempt until the Court has issued an order

compelling compliance. *See, e.g.*, *Duffy v. Lawrence Mem'l Hosp.*, Civ. No. 2:14-2256 SAC/TJJ,

2017 WL 1806429, at *2 (D. Kan. May 5, 2017) (denying party's request for sanctions against

nonparty witness who failed to comply with subpoena to appear for deposition); *Cruz v.*

*Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under [Rule

45], there must be a court order compelling discovery. A subpoena, obtainable as of course from

the Clerk of the Court or issued by an attorney without any court involvement, is not of the same

order as one issued by a judicial officer in the resolution of a specific dispute.") (citation omitted).

Before the Court rules on plaintiff's motion to compel compliance, plaintiff must serve the

motion and a copy of this order on the New Mexico Department of Human Services (NMDHS).[1]

---

[1] Plaintiff generally refers to the target of her subpoena as the New Mexico Department of Social
Services. *See, e.g.*, Doc. 36 at 1. So far as the Court can discern, the relevant entity is, in fact, the

Included with plaintiff's motion are exhibits that evidence plaintiff's good faith attempts to confer with the NMDHS, Docs. 36-1, 36-3, and a copy of the subpoena and proof of service on the NMDHS, dated June 23, 2023. Doc. 36-6. However, there is no indication that plaintiff has served the instant motion on NMDHS. Federal Rule of Civil Procedure 37(a)(1) requires notice be given to the NMDHS:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

"When a motion is filed requesting relief against the non-party, he is entitled to be served with a copy of the motion in order that a proper response may be filed on his behalf." *Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 602 (D. Kan. 1998).

The Court hereby orders plaintiff to serve the motion and a copy of this order on the NMDHS, and to file proof of such service with the Court within 14 days of the date of this order. The NMDHS will be allowed 14 days from the date of service to respond to the motion. Failure to file proof of service within the time allotted may result in summary denial of the motion to compel.

**IT IS SO ORDERED.**

Laura Fashing
United States Magistrate Judge

---

New Mexico Department of Human Services. Plaintiff seeks information about Medicaid payments and potential subrogation. *See* Doc. 36-6. The NMDHS contains the Medical Assistance Division, which administers New Mexico Medicaid. *See* https://www.hsd.state.nm.us/about_the_department/medical_assistance_division/ (last accessed August 4, 2023).